ORIGINAL

# United States Court of Federal Claims

No. 14-602 C
January 22, 2015

JOHN JOSEPH PAWELSKI,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA,

    *Defendant*.

FILED

JAN 2 2 2015

U.S. COURT OF
FEDERAL CLAIMS

## ORDER DISMISSING CASE

Before the court is defendant's motion to dismiss for lack of subject jurisdiction, filed on September 5, 2014, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC").

Plaintiff John Joseph Pawelski, proceeding *pro se*, appears to allege that Internal Revenue Service employees violated his constitutional rights and various criminal laws by performing an unlawful search of his premises, conducting an investigation without jurisdiction to do so, committing criminal perjury by violating their oaths of office, and committing treason and other criminal actions against the United States. Plaintiff seeks the following relief: (1) the forfeiture of the salaries of the IRS employees involved in this case and damages amounting to three times each employee's salary, (2) the return of property taken during the search of his premises, and (3) the purging of all records of the criminal case brought against him in the United States District Court for the District of Colorado.

On September 12, 2014, defendant filed a motion to dismiss the case, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"), arguing the case should be dismissed for lack of subject matter jurisdiction.

This court's authority to hear cases is primarily defined by the Tucker Act, which grants jurisdiction over claims against the United States that are founded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). Although the court must liberally construe complaints drafted by *pro se* litigants, a "plaintiff's *pro se* status does not relieve him of his duty to establish jurisdiction over his claim." *Mora v. United States*, 59 Fed. Cl. 234, 235 (2003).

Plaintiff's allegations—even if true—do not give rise to any cause of action over which this court has subject-matter jurisdiction. To the extent that plaintiff alleges the IRS violated criminal statutes, this court "lacks jurisdiction to adjudicate any claims under the federal criminal code." *Spencer v. United States*, 98 Fed. Cl. 349, 356 (2011) (citing *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994)). Additionally, the court lacks jurisdiction to order the return of any property seized from plaintiff, as this court lacks jurisdiction to hear a claim contesting the propriety of a seizure. *See Kam-Almaz v. United States*, 682 F.3d 1364, 1371 (Fed. Cir. 2012).

Finally, the court lacks jurisdiction to "purge" the records of plaintiff's district court case, as this court "does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts." *Stewart v. United States*, 101 F.3d 716 (Fed. Cir. 1996). The court therefore dismisses the complaint pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims.

For the foregoing reasons, defendant's MOTION to dismiss is GRANTED. The Clerk is hereby directed to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED**.

Lawrence J. Block
Judge